UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| COLLEEN DOYLE, : | CASE NO.:  3:15 CV 01051 (JBA) |
|     Plaintiff : | |
| : | |
| v. : | |
| : | |
| LATICRETE INTERNATIONAL, INC., : | |
|     Defendant : | MAY 18, 2016 |

## ANSWER AND AFFIRMATIVE DEFENSES

Defendant Laticrete International, Inc., by and through its attorneys, hereby respectfully submits its Answer and Affirmative Defenses to the Amended Complaint dated May 2, 2016. Any allegation not specifically addressed below is denied.

    1.    Defendant admits so much of Paragraph 1 which alleges that the Complaint asserts claims under Title VII of the Civil Rights Act, the Connecticut Fair Employment Practices Act and Connecticut state law.  Defendant denies that it violated Title VII, CFEPA or Connecticut state law.

    2.    Defendant admits the allegations of Paragraph 2.

    3.    Defendant admits the allegations of Paragraph 3.

    4.    Defendant admits the allegations of Paragraph 4.

    5.    Defendant admits the allegations of Paragraph 5.

    6.    Defendant admits so much of Paragraph 6 which alleges that Plaintiff filed an administrative charge with the CHRO.  Defendant denies the remaining allegations of Paragraph 6.

7. Defendant admits so much of Paragraph 7 which alleges that Plaintiff filed an administrative charge with the EEOC. Defendant denies the remaining allegations of Paragraph 7.

8. Defendant admits the allegations of Paragraph 8.

9. Defendant has insufficient information to admit or deny the allegations of Paragraph 9 and leaves Plaintiff to her proof.

### THE PLAINTIFF

10. Defendant admits the allegations of Paragraph 10.

### THE DEFENDANT

11. Defendant admits the allegations of Paragraph 11.

### THE FACTS

12. Defendant admits the allegations of Paragraph 12.

13. Defendant admits the allegations of Paragraph 13.

14. Defendant denies the allegations of Paragraph 14.

15. Defendant admits that Plaintiff worked with Jim Bouldin, Vice President of Operations, during the course of her employment. Because Plaintiff failed to identify a particular position or timeframe during which she allegedly performed the duties described in Paragraph 15, Defendant has insufficient information to admit or deny the remaining allegations of Paragraph 15 and leaves Plaintiff to her proof.

16. Defendant denies the allegations of Paragraph 16.

17. Defendant denies the allegations of Paragraph 17.

18. Defendant denies the allegations of Paragraph 18.

19. Defendant denies the allegations of Paragraph 19.

20. Defendant denies the allegations of Paragraph 20.

21. Defendant denies the allegations of Paragraph 21.

22. Defendant denies the allegations of Paragraph 22.

23. Defendant denies the allegations of Paragraph 23.

24. Defendant denies the allegations of Paragraph 24.

25. Defendant denies the allegations of Paragraph 25.

26. Defendant denies the allegations of Paragraph 26.

27. Defendant admits the allegations of Paragraph 27.

28. Defendant denies the allegations of Paragraph 28.

29. Defendant denies the allegations of Paragraph 29.

30. Defendant denies the allegations of Paragraph 30.

31. Defendant denies the allegations of Paragraph 31.

32. Defendant admits that Plaintiff reported concerns with Mr. Bouldin's alleged conduct at the North Carolina meeting to Janet Brunwin, Director of Finance. Defendant denies the remaining allegations of Paragraph 32.

33. Defendant has insufficient information to admit or deny the allegations of Paragraph 33 and leaves Plaintiff to her proof.

34. Defendant has insufficient information to admit or deny the allegations of Paragraph 34 and leaves Plaintiff to her proof.

35. Defendant has insufficient information to admit or deny the allegations of Paragraph 35 and leaves Plaintiff to her proof.

36. Defendant denies the allegations of Paragraph 36.

37. Defendant admits that during the first half of October 2013, Mr. Bouldin informed Plaintiff that he did not feel she was ready for the Director of Procurement position and that he intended to seek candidates from outside the company. Defendant denies the remaining allegations of Paragraph 37.

38. Defendant denies the allegations of Paragraph 38.

39. Defendant denies the allegations of Paragraph 39.

40. Defendant admits the allegations of Paragraph 40.

41. Defendant admits that on or about October 22, 2013, Plaintiff submitted a written complaint of sexual harassment which speaks for itself. Defendant denies the remaining allegations of Paragraph 41.

42. Defendant admits that Plaintiff met with Laura Brown, Vice President of Human Resources, concerning Mr. Bouldin. Defendant has insufficient information to admit or deny the remaining allegations of Paragraph 42 and leaves Plaintiff to her proof.

43. Defendant admits that Plaintiff complained to Ms. Brown about Mr. Bouldin's alleged behavior. Defendant has insufficient information to admit or deny the remaining allegations of Paragraph 43 and leaves Plaintiff to her proof.

44. Defendant denies that Mr. Bouldin retaliated against Plaintiff and denies that he promised the Director of Procurement position to her. Defendant has insufficient information to admit or deny the remaining allegations of Paragraph 44 and leaves Plaintiff to her proof.

45. Defendant denies the allegations of Paragraph 45.

46. Defendant denies the allegations of Paragraph 46.

47. Defendant admits that managers attended sexual harassment prevention training on November 13 and 21, 2013. Defendant denies that the training was in any way related to Plaintiff's complaint.

48. Defendant has insufficient information to admit or deny the allegations of Paragraph 48 and leaves Plaintiff to her proof.

49. Defendant has insufficient information to admit or deny the allegations of Paragraph 49 and leaves Plaintiff to her proof.

50. Defendant has insufficient information to admit or deny the allegations of Paragraph 50 and leaves Plaintiff to her proof.

51. Defendant has insufficient information to admit or deny the allegations of Paragraph 51 and leaves Plaintiff to her proof.

52. Defendant admits that on April 17, 2014, Plaintiff sent Ms. Brown an email in which she requested a meeting to discuss additional concerns she had related to the complaint she reported in October 2013. Defendant denies that Plaintiff's email referenced an alleged conversation in April 2014.

53. Defendant admits that on April 17, 2014, Plaintiff sent Ms. Brown an email in which she requested a meeting to discuss additional concerns she had related to the complaint she reported in October 2013. Defendant denies the remaining allegations of Paragraph 53, except admits that the meeting did not occur despite Ms. Brown's and Karen Anderson's willingness to meet with Plaintiff.

54. Defendant admits that Scott Gustavson was hired for the position of Director of Procurement in April 2014. Defendant denies the remaining allegations of Paragraph 54.

55. Defendant has insufficient information to admit or deny the allegations of Paragraph 55 and leaves Plaintiff to her proof.

56. Defendant has insufficient information to admit or deny the allegations of Paragraph 56 and leaves Plaintiff to her proof.

57. Defendant denies the allegations of Paragraph 57.

58. Defendant denies the allegations of Paragraph 58.

59. Defendant denies the allegations of Paragraph 59.

60. Defendant denies the allegations of Paragraph 60.

61. Defendant denies the allegations of Paragraph 61.

62. Defendant admits that Plaintiff posted and interviewed for the position of Sourcing Manager and accepted a transfer to that position which she assumed effective June 30, 2014. Defendant denies the remaining allegations of Paragraph 62.

63. Defendant admits that on or about June 13, 2014, Plaintiff met with Karen Anderson, Director of Human Resources, to discuss the Sourcing Manager position. Defendant denies the remaining allegations of Paragraph 63.

64. Defendant denies the allegations of Paragraph 64.

65. Defendant admits that on July 1, 2014, Plaintiff submitted her letter of resignation effective July 15, 2014. Her decision to resign her position was voluntary. Defendant denies the remaining allegations of Paragraph 65.

66. Defendant denies the allegations of Paragraph 66.

67. Defendant admits the allegations of Paragraph 67.

68. Defendant admits that during her exit interview, Plaintiff raised concerns regarding Mr. Bouldin. Defendant denies the remaining allegations of Paragraph 68.

69. Defendant admits that during her exit interview, Plaintiff raised concerns regarding Mr. Bouldin. Defendant denies the remaining allegations of Paragraph 69.

70. Defendant admits that Plaintiff explained to Ms. Anderson that she felt she was pressured to transfer to the Sourcing Manager position. Defendant denies the remaining allegations of Paragraph 70.

## COUNT ONE
### Violation of Title VII – Hostile Work Environment

71. Defendant incorporates by reference its responses to Paragraphs 1-70 as its responses to Paragraphs 1-70 of Count One as if stated fully herein.

72. Defendant admits the allegations of Paragraph 72.

73. Defendant admits that Plaintiff was qualified for the positions she held. Defendant has insufficient information to admit or deny the remaining allegations of Paragraph 73 and leaves Plaintiff to her proof.

74. Defendant admits the allegations of Paragraph 74.

75. Defendant denies the allegations of Paragraph 75.

76. Defendant denies the allegations of Paragraph 76.

77. Defendant denies the allegations of Paragraph 77.

78. Defendant denies the allegations of Paragraph 78.

79. Defendant denies the allegations of Paragraph 79.

80. Defendant denies the allegations of Paragraph 80.

81. Defendant denies the allegations of Paragraph 81.

82. Defendant denies the allegations of Paragraph 82.

83. Defendant denies the allegations of Paragraph 83.

84. Defendant denies the allegations of Paragraph 84.

## COUNT TWO
### Violation of Title VII – Sexual Harassment

85. Defendant incorporates by reference its responses to Paragraphs 1-84 as its responses to Paragraphs 1-84 of Count Two as if stated fully herein.

86. Defendant denies the allegations of Paragraph 86.

87. Defendant denies the allegations of Paragraph 87.

88. Defendant denies the allegations of Paragraph 88.

## COUNT THREE
### Retaliation in violation of Title VII

89. Defendant incorporates by reference its responses to Paragraphs 1-88 as its responses to Paragraphs 1-88 of Count Three as if stated fully herein.

90. Defendant denies the allegations of Paragraph 90.

91. Defendant denies the allegations of Paragraph 91.

92. Defendant denies the allegations of Paragraph 92.

93. Defendant admits the allegations of Paragraph 93.

94. Defendant admits that Plaintiff complained to Ms. Brown about Mr. Bouldin's alleged behavior. Defendant has insufficient information to admit or deny the remaining allegations of Paragraph 43 and leaves Plaintiff to her proof.

95. Defendant denies the allegations of Paragraph 95.

96. Defendant denies the allegations of Paragraph 96.

97. Defendant denies the allegations of Paragraph 97.

98. Defendant denies the allegations of Paragraph 98.

99. Defendant denies the allegations of Paragraph 99.

100. Defendant denies the allegations of Paragraph 100.

101. Defendant admits that on or about June 13, 2014, Plaintiff met with Karen Anderson, Director of Human Resources, to discuss the Sourcing Manager position. Defendant denies the remaining allegations of Paragraph 101.

102. Defendant admits that on or about June 13, 2014, Plaintiff met with Karen Anderson, Director of Human Resources, to discuss the Sourcing Manager position. Defendant has insufficient information to admit or deny the remaining allegations of Paragraph 102 and leaves Plaintiff to her proof.

103. Defendant denies the allegations of Paragraph 103.

104. Defendant denies the allegations of Paragraph 104.

## COUNT FOUR
**Violation of Conn. Gen. Stat. § 46a-60(a)(1) – Hostile Work Environment**

105. Defendant incorporates by reference its responses to Paragraphs 1-104 as its responses to Paragraphs 1-104 of Count Four as if stated fully herein.

106. Defendant admits the allegations of Paragraph 106.

107. Defendant admits that Plaintiff was qualified for the positions she held. Defendant has insufficient information to admit or deny the remaining allegations of Paragraph 107 and leaves Plaintiff to her proof.

108. Defendant denies the allegations of Paragraph 108.

109. Defendant denies the allegations of Paragraph 109.

## COUNT FIVE
**Violation of Conn. Gen. Stat. § 46a-60(4) – Retaliation**

110. Defendant incorporates by reference its responses to Paragraphs 1-109 as its responses to Paragraphs 1-109 of Count Five as if stated fully herein.

111. Defendant denies the allegations of Paragraph 111.

112. Defendant denies the allegations of Paragraph 112.

113. Defendant denies the allegations of Paragraph 113.

## COUNT SIX
### Violation of Conn. Gen. Stat. § 46a-60(a)(8)

114. Defendant incorporates by reference its responses to Paragraphs 1-113 as its responses to Paragraphs 1-113 of Count Six as if stated fully herein.

115. Defendant admits the allegations of Paragraph 115.

116. Defendant denies the allegations of Paragraph 116.

117. Defendant denies the allegations of Paragraph 117.

118. Defendant denies the allegations of Paragraph 118.

## DEMAND FOR RELIEF

Defendant denies that Plaintiff is entitled to judgment or relief.

## AFFIRMATIVE DEFENSES

FIRST AFFIRMATIVE DEFENSE

Without conceding Plaintiff has suffered any damages as a result of any purportedly wrongful acts of Defendant, Plaintiff has failed to mitigate her alleged damages by using reasonable diligence to timely seek and obtain comparable employment elsewhere.

SECOND AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to state a cause of action upon which relief can be granted as a matter of fact and/or law.

THIRD AFFIRMATIVE DEFENSE

At all times, Defendant complied in good faith with Title VII of the Civil Rights Act and the Connecticut Fair Employment Practices Act as to Plaintiff and is not liable for punitive damages.

FOURTH AFFIRMATIVE DEFENSE

At all times relevant hereto, Defendant acted in good faith and for legitimate business reasons and did not violate any rights which may be secured to Plaintiff under any federal, state or local laws and/or regulations or the common law.

FIFTH AFFIRMATIVE DEFENSE

Even if Plaintiff's sex was a factor in any adverse employment action, which it was not, Plaintiff's claims are barred in whole or part because Defendant would have made the same decision regardless of Plaintiff's sex.

SIXTH AFFIRMATIVE DEFENSE

Even if Plaintiff's alleged engagement in a protected activity was a factor in any adverse employment action, which it was not, Plaintiff's claims are barred in whole or part because Defendant would have made the same decision regardless of any such alleged protected activity engagement by Plaintiff.

SEVENTH AFFIRMATIVE DEFENSE

Defendant exercised reasonable care to prevent and/or correct promptly the allegedly discriminatory and/or harassing behavior described in Plaintiff's Complaint, and Plaintiff unreasonably failed timely to take advantage of the preventive or corrective opportunities provided by Defendant or to avoid harm otherwise.

EIGHTH AFFIRMATIVE DEFENSE

Defendant exercised reasonable care to prevent and/or correct promptly the allegedly discriminatory and/or harassing behavior described in Plaintiff's Complaint, and in response to Plaintiff's complaint of sexual harassment, took prompt preventive or corrective action.

\*\*\*

Defendant reserves the right to amend its Answer, to add additional or other Affirmatives Defenses, delete or withdraw Defenses, and to add other claims as they may become necessary after reasonable opportunity for discovery.

WHEREFORE, Defendant respectfully requests that this Court:

a) Deny each demand, claim, and prayer for relief contained in the Complaint;

b) Award to Defendant reimbursement for reasonable attorneys' fees and costs incurred in defending this meritless and vexatious action; and

c) Grant such other and further relief that the Court may deem just and proper.

DEFENDANT,
LATICRETE INTERNATIONAL, INC.

By: */s/James F. Shea*
James F. Shea (ct 16750)
Sarah C. Baskin (ct 13570)
Jackson Lewis P.C.
90 State House Square, 8th Floor
Hartford, CT  06103
Tel: (860) 522-0404
Fax: (860) 247-1330
sheaj@jacksonlewis.com
baskins@jacksonlewis.com

<u>CERTIFICATION OF SERVICE</u>

I hereby certify that on May 18, 2016 a copy of foregoing was filed electronically. Notice of this filing will be sent by e-mail and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing.

*/s/James F. Shea*
James F. Shea